UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. STEVENSON,<br>　　　　Plaintiff,<br>　v.<br>SAN FRANCISCO COUNTY JAIL MEDICAL SERVICES, et al.,<br>　　　　Defendants. | Case No. 17-cv-00336-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. Nos. 5, 6, 8 |

Charles Stevenson, an inmate at the San Francisco County Jail, California, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend. Stevenson filed an amended complaint that is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The amended complaint alleges the following: Stevenson has chronic pain, back pain, mobility issues, obesity, deafness in one ear, left arm deformities, asthma, depression, and a tumor in his back. Docket No. 5 at 1, 3. Nurse practitioner John Pov, who works under the supervision of Dr. Pratt, has denied Stevenson basic medical attention, including blankets for back support during sleep, extra laundry, a cane, physical therapy and chronic pain management. *Id.* at 1. N.P. Pov also has ignored Stevenson's deafness in one ear. *Id.* at 4. "Dr. Pratt has denied medical evaluations resulting in plaintiff[']s further health risks explained in complaint. N.P. John Pov has constantly denied plaintiff medical care" for his medical problems, including "denial of physical therapy, denial of pain medications or managements, chronos for extra blankets to support his back pain when sleep & extra laundry for plaintiff[']s uncontrolled bowel movements due to

1 mobility complications." *Id.* at 5-6 (errors in source). The amended complaint provides no dates on which any of these events occurred.

The amended complaint also states that Stevenson has been unable to do adequate legal research.

The amended complaint alleges that Stevenson was convicted of one or more crimes in 2016, and also has other charges pending against him at this time. *Id.* at 2.

In a declaration under penalty of perjury, Stevenson states that: (a) his current stay at the San Francisco County Jail started on September 19, 2014; (b) jail medical staff have addressed his chronic asthma with check-ups just in the past year; and (c) he was taken off chronic pain medications in approximately May 2015. *Id.*

**DISCUSSION**

A. Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The court dismissed the original complaint with leave to amend to cure several deficiencies. Those deficiencies included: (1) the use of conclusory allegations where factual allegations were needed; (2) the failure to allege whether Stevenson was a pretrial detainee or convict at the relevant times; (3) the inadequate pleading of the mental state of defendants in their

2

responses to his medical problems; (4) suing only the Jail Medical Services was inadequate because there was no respondeat superior liability under § 1983 and the complaint did not allege municipal liability; and (5) the need to link individual defendants to his claims if Stevenson wanted to add individuals as defendants. Docket No. 3 at 4-7. Stevenson's due process claims about the mishandling of his inmate appeals were dismissed. *Id.* at 7.

The amended complaint cures some of the deficiencies, but fails to cure some others.

First, the defendant "San Francisco County Jail Medical Services" is dismissed from this action. The allegations of the amended complaint suggest that this entity was included as a defendant because it employed alleged wrongdoers but there is no respondeat superior liability in a § 1983 action, as the court explained earlier. *See* Docket No. 3 at 6. Stevenson also does not adequately allege municipal liability, assuming arguendo that this defendant is a municipal entity.

Second, liberally construing the *pro se* amended complaint, it appears to state a cognizable claim against defendants Dr. Pratt and N.P. John Pov for deliberate indifferent to Stevenson's serious medical needs. *See Farmer v Brennan,* 511 U.S. 825, 834 (1994); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 20120); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Dr. Pratt and N.P. Pov allegedly denied Stevenson's requests for medical care on several occasions, denying him blankets for back support, extra laundry, a cane, physical therapy, chronic pain management, and care for deafness in an ear.[1]

---

[1] The order of dismissal with leave to amend discussed the apparent differences in the mental state of deliberate indifference depending on whether an inmate was a pretrial detainee or a convict at the time of the relevant events. *See* Docket No. 3 at 3-4 & n.1. Here, for the time period after the date in 2016 on which Stevenson was convicted, the Eighth Amendment applies, and the *Farmer* standard for deliberate indifference applies. *See generally Resnick v. Hayes*, 213 F.3d 443, 447-48 (9th Cir. 2000) (inmate who has been convicted but not yet sentenced should be treated as a sentenced prisoner, rather than a pretrial detainee). The Eighth Amendment applies because he was a convict at the time, even though he also was a pretrial detainee in another case. For the time period before Stevenson was convicted, however, the Fourteenth Amendment applies to the claim. As explained in the order of dismissal with leave to amend, the court assumes the deliberate indifference standard from *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) applies to a claim about medical care, although the defendants are free to argue otherwise.

The court recognizes that the amended complaint does not provide the dates on which the defendants allegedly denied care, and recognizes that dates are often necessary for defendants to have notice of the particular alleged conduct against which they need to defend. The court will not require further amendment to make Stevenson provide those dates for a few reasons. Stevenson alleges that he has requested access to his medical records at the jail to learn the particulars of his claims, and that he has been refused access. Stevenson should be able to obtain those records so that he can pinpoint the dates and provide more specific information to defendants during discovery. Additionally, experience teaches that inmates' medical care and requests generally are well-documented. The alleged requests and denials likely will have been documented in Stevenson's medical records at the jail, e.g., written requests for and written notes on the denial of a cane, the refusal of physical therapy requests, the termination of pain management medications, the refusal to provide a chrono for extra blankets, and the refusal to provide a chrono for extra laundry. Defendants should be able to look through Stevenson's medical records to find the dates on which medical care decisions were made and dates on which Stevenson requested services. Stevenson's inability to provide dates in his amended complaint -- despite the court's instruction that he needed to provide dates on which events occurred, *see* Docket No. 3 at 5 -- shows that he too must rely on his medical records to show the dates on which various events occurred.

Third, Stevenson alleges that his legal research facilities at the jail were limited. It is not clear whether he is attempting to allege a separate claim for denial of access to the courts, or is trying to explain why he did not provide more information about his claim. Assuming he was attempting to allege a separate claim, the claim for denial of access to the courts is dismissed because Stevenson failed to link any defendant to the claim, even though the order of dismissal with leave to amend ordered him to link defendants to his claims.[2] Stevenson is free to file

---

[2] The court will not grant further leave to amend so that Stevenson may attempt to link defendants for a potential claim about denial of access to the courts because, even if he could solve the defendant problem, a claim about denial of access to the courts would not be properly joined in this action against health care providers at the jail. Under Federal Rule of Civil Procedure 20(a) all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." "A buckshot complaint that would be rejected if filed by

4

another action if he wishes to complain about his access to the courts if he ever finds appropriate defendants for such a claim. Two cases he may wish to study to learn about the right of access to the courts are *Lewis v. Casey*, 518 U.S. 343 (1996), and *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir.2011).

B. <u>Miscellaneous Requests</u>

Stevenson has filed a request for *pro per* status at the jail, seeking privileges similar to those often provided to inmates who are representing themselves in criminal cases. Docket No. 6. He wants this court to order the jail to provide him three hours of access to the law library each day, eight one-hour phone calling cards, copying services, materials needed for legal research and assistance, and "any other state liberties *pro per* carries." *Id.* at 2. To grant the requested relief, the court would have to interfere with the ordinary day-to-day operations of the county jail, which federal courts generally are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). The request for *pro per* status at the jail is DENIED. Docket No. 6. Stevenson should follow the county jail's procedures for obtaining access to the law library and legal research materials. As mentioned in the preceding section, if Stevenson wants to pursue a claim that he has been denied access to the courts due to an inadequate law library or other legal resources, he may file a new action when he

---

a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims made no effort to show that the 24 defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants). The Ninth Circuit "has described the term 'transaction or occurrence' as referring to 'similarity in the factual background of a claim'; claims that 'arise out of a systematic pattern of events' arise from the same transaction or occurrence. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997); *see also Union Paving Co. v. Downer Corp*., 276 F.2d 468, 470 (9th Cir.1960) (claims that have 'very definite logical relationship' arise out of same transaction and occurrence)." *Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring). Claims against guards or people in the legal services department for providing inadequate access to legal resources at a jail would not be properly joined with the claims against a doctor and a nurse practitioner for providing inadequate medical care because they would not be "with respect to or arising out of the same . . . series of transactions or occurrences." *See* Fed. R. Civ. P. 20(b).

5

determines defendants for such an action and after he exhausts administrative remedies for any such claims.

Stevenson filed a request for production of documents. Docket No. 8. The court does not conduct investigations or discovery on behalf of litigants. If Stevenson wants to attempt to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d). Stevenson's request for production of documents is DENIED, without prejudice to him serving a discovery request on defendants. Docket No. 8.

## CONCLUSION

1. Liberally construed, the complaint states cognizable § 1983 claims against Dr. Pratt and nurse practitioner John Pov for deliberate indifference to Stevenson's medical needs in violation of his Eighth and Fourteenth Amendment rights. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon Dr. Pratt and nurse practitioner John Pov, both of whom apparently are on the medical staff at the San Francisco County Jail.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 12, 2018**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

6

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **February 16, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 2, 2018**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

9. Plaintiff's request for an order compelling the jail to grant him *pro per* status is DENIED. Docket No. 6.

10. Plaintiff's request for production of documents is DENIED. Docket No. 8.

**IT IS SO ORDERED**.

Dated: October 6, 2017

_____
SUSAN ILLSTON
United States District Judge